### 321, 322.  ROBERTS *v.* DOCKINS (two cases).

1. In case No. 321 the pleadings and evidence contained in the record do not warrant the verdict rendered.

2. In case No. 322 the pleadings and evidence do warrant the verdict, and no error appears.

Appeal, from Rabun superior court—Judge Kimsey.  December 11, 1906.

Submitted May 7,—Decided June 20, 1907.

*J. R. Grant, J. C. Edwards, McMillan & Erwin,* for plaintiff in error.  *W. S. Paris,* contra.

POWELL, J. The two actions commenced in the justice's court and came to the superior court by appeal. The original sum- monses were identical, both being in the usual form and requir- ing the defendant to appear to answer a complaint "in an action upon two promissory notes dated Dec. 25, 1894, for fifty dollars principal each, a copy of which said notes is hereto attached." Each summons had attached, without explanation, not two notes, but four notes, for fifty dollars each, all dated Dec. 25, 1894, and maturing consecutively on the 25th day of December of each of the years from 1896 to 1899 inclusive. Certain identical small credits, aggregating less than fifty dollars, were entered after the copies of the notes in each case. In case No. 322, in the superior court the plaintiff made an amendment to his summons, and therein stated that the two notes sued on in this case were the notes maturing in the years 1898 and 1899; but the clerk certifies that no amendment was filed in case No. 321, though in the bill of exceptions an amendment to the summons is specified as a part of the record. It appears from a note by the trial judge, attached to the brief of the evidence, that all of these notes were written on one sheet of paper and constituted one transaction, and were all introduced in evidence in both cases. In case No. 321, in the brief of the evidence is the following explanation: "Plaintiff's attorney stated that they were only suing on the note maturing Dec. 25, 1899, and that the other three were only offered to show the land transaction, three being on the same sheet of paper." In case No. 322, in the brief of the evidence the same language ap- pears, except that the words "Dec. 25, 1898" are used instead of the words "Dec. 25, 1899." The only evidence introduced was the four notes. In case No. 321 the court directed a verdict for $71.26; in case No. 322 for $100. There are in the record several assignments of error; but except as herein indicated, none of them are meritorious.

1. In case No. 321, since four notes were attached to the sum- mons, and there was nothing in the pleadings to identify which two were being sued upon, the court erred in directing a verdict for the sum of $71.26; especially so in the light of the fact that although all four of the notes were introduced, only one of them, according to statement of plaintiff's counsel, was relied upon. We might, in order to give a reasonable intendment to the action of the

court, disregard the statement of counsel; but if we do so, there is nothing in the record by which the verdict can be supported. A single note would not justify the amount found; all four of the notes would prove a case for more than one hundred dollars, which would be beyond jurisdiction of the court, the case being an appeal.

2. In case No. 322 the amendment did identify the two notes sued on; and since these two notes were in evidence, we sustain the action of the court in this case.

*Judgment reversed in 321, and affirmed in 322.*